```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION
```

| | |
|---|---|
| HENRY GILBERT AYALA, § | |
| INDIVIDUALLY AND AS § | |
| NEXT FRIEND OF J.A., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:06-CV-69 |
| § | |
| KAWASAKI MOTORS § | |
| MANUFACTURING CORPORATION § | |
| USA, KAWASAKI MOTORS CORP. § | |
| USA, KAWASAKI HEAVY INDUSTRY § | |
| USA, INC. AND KAWASAKI HEAVY § | |
| INDUSTRIES, LTD., § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER

Pending is a Fed. R. Civ. P. 12(b)(5) motion by defendant Kawasaki Heavy Industries, Ltd. (KHI) to dismiss for insufficient service of the citation. (Docket No. 4).

KHI, a Japanese corporation, was served with untranslated copies of the original petition and citation by registered mail, return receipt requested. (Docket No. 11). KHI objects that this service does not conform to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361. KHI argues that Rule 4 requires service according to this Convention. Fed. R. Civ. P. 4(h)(2); 4(f)(1).

The service challenged in this case occurred before removal

to federal court,[1] and was thus done in accordance with the Texas Rules of Civil Procedure and the Texas long-arm statute. Tex. Civ. Prac. & Rem. Code Ann. § 17.043 (providing that service may be mailed to nonresidents); Tex. R. Civ. P. 106, 108a (applying the same rule to residents of foreign countries). However, in all cases in which the Convention applies, it supercedes state law methods for the service of foreign defendants. <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 699 (1988). If service does not comport with the Convention, it is invalid, <u>see id.</u>, and KHI will have to be served anew. <u>See</u> 28 U.S.C. § 1448. Plaintiffs assert their service was proper, citing Article 10(a) of the Convention for the proposition that the treaty allows for service of process by mail, unless the host country objects.[2]

---

[1] Service was accomplished by registered mail, return receipt requested, sent to KHI's Japanese address on May 16, 2006. (Docket No. 11 at 2). Removal occurred on May 25, 2006. (Docket No. 1).

[2] Article 10 of the Convention states:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents

The Fifth Circuit has construed Article 10(a) as refering to sending of documents other than process, but not to service of process by mail. <u>Nuovo Pignone, S.P.A. v. Storman Asia M/V</u>, 310 F.3d 374, 384 (5th Cir. 2002).  Plaintiffs suggest that the decision in <u>Nuovo Pignone</u> conflicts with the Supreme Court's opinion in <u>Schlunk</u>, and they assert that Article 10(a) cannot refer to *anything other than* service of process because the scope of the Convention itself is limited to service of process. (<u>Id.</u> at 2).  The Fifth Circuit opinion unequivocally holds that service of process on foreign defendants cannot be done by mail.  Nothing in its opinion supports Plaintiffs' proffered distinction between regular mail and Federal Express.  The Fifth Circuit recognized that a circuit split existed on this issue, and expressly decided to join one side of the split.  This Court has no choice but to follow that decision.  If the Fifth Circuit view is contrary to a prior decision of the Supreme Court, that dispute must be resolved by those courts, not a district court.

Accordingly, KHI's Motion to Dismiss for Insufficient Service (Docket No. 4) is GRANTED to the extent that the mail service on KHI is QUASHED as insufficient.  Plaintiffs are DIRECTED to attempt proper service of process upon Defendant KHI

---

directly through the judicial officers, officials or other competent persons of the State of destination.

**within sixty (60) days.**

      **DONE at Laredo, Texas, this 31st day of August**

                                             _____
                                                  **George P. Kazen**
                                           **United States District Judge**