O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HENRY GILBERT AYALA, | § | |
| INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF J.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:06-CV-69 |
| | § | |
| KAWASAKI MOTORS | § | |
| MANUFACTURING CORPORATION | § | |
| USA, KAWASAKI MOTORS CORP. | § | |
| USA, KAWASAKI HEAVY INDUSTRY | § | |
| USA, INC. AND (KAWASAKI HEAVY | § | |
| INDUSTRIES, LTD.), | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Plaintiffs filed this personal injury case on March 6, 2006, alleging claims against four defendants: Kawasaki Motors Manufacturing Corporation USA (KMMC), Kawasaki Motors Corporation USA (KMC), Kawasaki Heavy Industry USA, Inc. (KHI-USA), and Kawasaki Heavy Industries, Ltd. (KHI).

KMC and KHI filed a Notice of Removal on April 25, 2006, seeking to remove this case on the basis of federal diversity jurisdiction. (Docket No. 1). KMC and KHI asserted that the two remaining defendants named in the original petition had never been properly served and therefore, their consent was not necessary. Plaintiffs filed a Motion to Remand on June 7, 2006.

1

(Docket No. 5), asserting both substantive and procedural defects in the removal.

### Procedural Defects

Plaintiffs claim that Defendants' Notice of Removal is procedurally defective because KMMC was in fact served prior to the filing of the removal notice and therefore KMMC's consent was required for the removal.  However, this procedural defect has been waived because Plaintiff's failed to file their motion to remand within 30 days of the notice of removal. See Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995).  However, because lack of subject matter jurisdiction is not waivable, the Court will address that issue. See Williams V. AC Spark Plugs Div. Of GM Corp., 985 F.2d 783, 786 (5th Cir. 1993).

### Principal Place of Business

Plaintiffs' Original Petition alleges that the principal place of business of KMC is Richland Hills, Texas and the principal place of business of KHI-USA is Houston, Texas.  The Defendants' Notice of Removal alleges that the principal place of business of KMC is Irvine, California and the principal place of business of KHI-USA is Albany, New York.

The motion to remand makes no mention of KHI-USA but argues that KMC admitted that its principal place of business is

Richland Hills, TX on a Texas Franchise Tax Public Information Report. KMC maintains that the form states its principal place of business in Texas for tax purposes and that the form itself lists the Corporation's principal office as Irvine, CA. Also the directors and officers are listed on the form as being employed by the California office.

Defendants provide an affidavit by Donald J. Koprowski, Vice President, General Counsel, and Secretary for KMC, who states that there are 350 employees at the KMC corporate office in Irvine, CA. This office, described as the corporate office, is the primary location for the corporate functions including but not limited to "Finance, Marketing, Public Relations, Advertising, Sales, Technical Services, Warranty Administration & Consumer Services, Import/Export Operations, Human Resources and Information Services." (Mem. in Opp'n Mot. to Remand Ex. A, Aff. Koprowski). The Texas location employs four people. (Id.) "KMC markets and sells wholesale Kawasaki ATVs through a network of more than 1500 independent retail dealers in the United States." (Id.)

Diversity jurisdiction is proper only when each plaintiff has a different citizenship from each defendant. 28 U.S.C. § 1332. For diversity purposes, a corporation is considered a citizen of both the state in which it is incorporated and the

3

state of its principal place of business. 28 U.S.C. § 1332(c)(1). "The party invoking federal jurisdiction bears the burden of proof if diversity is challenged." Teal Energy USA, Inc. v. GT, INC., 369 F.3d 873, 878 (5th Cir. 2004) citing Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081 (5th Cir. 1975).

To determine a corporation's principal place of business the Fifth Circuit applies the total activity test. Teal Energy USA, Inc. v GT, Inc., 369 F.3d 873, 876 (5th Cir. 2004). That test incorporates two components: the nerve center test and the place of activity test. J.A. Olson Co. v. City of Winona, 818 F.2d 401, 406 (5th Cir. 1987). The court must consider the totality of the facts, including the nature, location, structure, and purpose of the corporation, and the extent to which these activities bring the corporation into contact with the community. Id. at 404-410. When a corporation is engaged in far-flung operations, the sole nerve center of that corporation is more significant for determining principal place of business. Id. at 409. When a corporation has sole operations in one state and executive offices in another, the place of activity is considered more significant. Id. at 411.

KMC engages in widespread operations via its dispersed network of over 1,500 independent domestic retail dealerships. (Mem. in Opp'n Mot. to Remand Ex. A, Aff. Koprowski). As KMC

4

conducts countless business transactions in various states, with the majority of executive decision making occuring outside the Texas, its operations are "far-flung". Accordingly, the "nerve-center" of KMC is the most significant component of the "total activities test." KMC maintains its corporate offices in California, and many of its daily operational activities are conducted in California. (Mem. in Opp'n Mot. to Remand Ex. A, Aff. Koprowski). KMC performs its Finance, Marketing, Public Relations, Advertising, Sales, Technical Service, Warranty Administration, Consumer Service, Import/Export Operation, Human Resources, and Information Service functions primarily in Irvine, California. (Id.) All officers and directors of KMC are employed at KMC's corporate headquarters in California. KMC employs approximately 350 people at its corporate headquarters in Irvine, California. (Id.)

At its Richland Hills office, KMC employs two District Managers, one regional sales manager, and one administrative secretary. (Mem. in Opp'n Mot. to Remand Ex. A, Aff. Koprowski.) Weighed against the operations of the Texas office, the activities of KMC in California indicate, both qualitatively and quantitatively, that KMC's nerve center, and thus its principal place of business, is in Irvine, California.

With respect to KMC's filing of a Texas Franchise Tax Public Information Report listing Richland Hills, Texas as its principal place of business, the Fifth Circuit has recognized holdings that "statements made to the secretary of state of a particular state are *not* binding for purposes of determining subject matter jurisdiction." Harris v. Black Clawson Co., 961 F.2d 547, 550 (5th Cir. 1992) citing Gautreau v. Central Gulf, 255 F. Supp. 615 (E.D. La. 1966); see also Uniroyal Inc. v. Heller, 65 F.R.D. 83 (D.C.N.Y. 1974).

Further, as noted above, that Report also lists California as the "principal office" and all directors as California residents. At best, therefore, the Report is ambiguous and cannot overcome the evidence in the Koprowski affidavit.

The Court concludes from the current state of the record that the principal place of business of KMC is California and not Texas.

The motion to remand is DENIED and the case is now REFERRED to Magistrate Judge Diana Saldaña for plenary pretrial handling, including setting discovery deadlines. Because the potential dispute over the citizenship of KHI-USA has not been squarely addressed, that issue can be explored further during the pretrial process. Subject matter jurisdiction can never be created by

waiver, and the Court can consider the issue later if a legitimate question develops.

DONE at Laredo, Texas, this 31st of August, 2006.

*George P. Kazen*
George P. Kazen
United States District Judge