IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HENRY GILBERT AYALA, INDIVIDUALLY AND AS NEXT FRIEND OF J.A. Plaintiffs, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:06-CV-00069 |
| KAWASAKI MOTORS MANUFACTURING CORPORATION USA, KAWASAKI MOTORS CORP. USA, KAWASAKI HEAVY INDUSTRY USA, INC. AND KAWASAKI HEAVY INDUSTRIES, LTD. Defendants. | § § § § § § § § | |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs complaining of Defendants and for good cause would show as follows:

**I.**
**Parties**

1. Henry Gilbert Ayala and Jestine Ayala are residents of La Salle County, Texas.

2. Defendant Kawasaki Motors Corp., USA is a foreign corporation registered with the Secretary of the State of Texas and authorized to do business in Texas, and is in fact doing business in Texas. This Defendant maintains its principal place of business at 7445 Airport Freeway, Richland Hills, Texas 76118. This Defendant has been served and answered.

3. Defendant Kawasaki Heavy Industries (USA), Inc. is a foreign corporation registered with the Secretary of the State of Texas to do business in the State of Texas and is in fact doing business in the State of Texas. This Defendant maintains a principal place of business at 333 Clay Street,

Suite 4310, Houston, Texas 77002-4103. This Defendant has been served and answered.

4. Kawasaki Motors Manufacturing Corp., USA is a foreign corporation organized under the laws of the State of Nebraska. It is not registered with the Secretary of the State of Texas and is not authorized to do business in the State of Texas. This Defendant is however, doing business in the State of Texas has been served and answered.

5. Defendant Kawasaki Heavy Industries, Ltd. is a Japanese corporation that is not registered with the State of Texas nor authorized to do business in the State of Texas. This Defendant however is doing business in the State of Texas and subject to service therein. As a signatory to the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents, Defendant Kawasaki Heavy Industries, Ltd. may be served pursuant to the terms of that convention. Pursuant to the terms of the Convention signatories must designate a Central Authority upon which request for service of documents may be sent. Japan has designated its Minister of Foreign Affairs as its Central Authority. Service of this Defendant may be had by submitting to the Cental Authority a translated copy of this Amended Original Complaint and the Court's Summons to be served upon Kawasaki Heavy Industries, Ltd. at World Trade Center Building, 4-1, Hamamastu-cho 2-chome, Minato-ku, Tokyo 105-6116, Japan.

6. Alternate service is also available on Kawasaki Heavy Industries, Ltd. by serving Defendant Kawasaki Heavy Industries (USA), Inc. as its agent for all of its business affairs in the United States. Alternate service on Defendant Kawasaki Heavy Industries Ltd. may be had be serving its agent for service of process Defendant Kawasaki Heavy Industries (USA), Inc. c/o of CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

## II.

### Jurisdiction and Venue

7. Personal jurisdiction is proper on all of Defendants owing to their continuous and systematic contacts with the United States, the location of their actual physical business within the United States, and the fact that all the items designed, manufactured, produced, marketed, and tested by the Kawasaki Defendants are done so with the intent of placing them into the United States market.

8. Plaintiffs believe jurisdiction is proper in the State Court because at least one of the Kawasaki Defendants' maintain a principal place of business within the State of Texas. This Honorable Court has ruled that jurisdiction is proper in the Federal District Court pursuant to 28 USC §1332 based upon diversity of citizenship and an amount in controversy exceeding $75,000.00. Jurisdiction is also proper on the foreign corporations due to the significant and continuing business contacts maintained by them in the State of Texas and subject to the Long Arm Statute of the State of Texas.

9. Plaintiffs allege that venue is proper in the State Court pursuant to §15.002 and §15.005 of the Texas Civil and Practice Remedies Code. Venue is also proper in the Federal District Court pursuant to 28 USC §1391(a) and (c).

## III.

### Single Business Enterprise and Alter Ego

10. The Kawasaki ATV at issue in this lawsuit was manufactured by Defendant, Kawasaki Motors Manufacturing Corp., USA. It was distributed by Kawasaki Motors Corp., USA. The vehicle was designed and tested by Kawasaki Heavy Industries, Ltd. Kawasaki Heavy Industries (USA), Inc. is a wholly owned subsidiary of Kawasaki Heavy Industries, Ltd. and appears to be a

holding company for Kawasaki Heavy Industry, Ltd.'s business interest in the United States. Kawasaki Heavy Industries (USA), Inc. is the agent for all of Kawasaki Heavy Industries, Ltd. business activities in the United States. Each of these companies is the alter ego of the other. In addition, the business interests, activities, officers, directors and employees of each of these companies is so intertwined with the other as to be inseparable and they are thus engaged in a single business enterprise thereby rendering each liable for the actions of the other. These Defendants are hereinafter referred to collectively as Kawasaki.

## IV.
## Factual Allegations

11. The vehicle at issue in this case is a model KVF 300-83 Personal All Terrain Vehicle designed, tested, marketed, manufactured, distributed and sold by the Kawasaki Defendants. On the day of the incident which forms the basis of this lawsuit the vehicle was in substantially the same condition as it was when it left the ownership and control of the Kawasaki Defendants. On or about March 6, 2004, Jestine Ayala was with her father at his ranch in La Salle County, Texas. On the afternoon of March 6, 2004, Jestine Ayala was riding the ATV down an unpaved trail on her father's ranch. Jestine approached a sharp left hand turn which she attempted to negotiate. Due to its inherent defects, the ATV went into a plowing motion instead of turning and ran through a barb wire fence causing a barb wire strand to "clothesline" Jestine across the neck. Jestine was jerked from the saddle of the ATV which continued to travel approximately twenty more feet before turning over.

12. As a result of being "clothes-lined" by the barb wire, Jestine suffered a laryngotracheal separation. The condition was complicated by internal bleeding which caused her chest cavity to fill with blood preventing her from breathing. She was airlifted to University Hospital in San Antonio. She was admitted immediately to the hospital for emergent care that included an emergency

trachiostomy, a directed larynoscopy, esophdocopy and a repair of the laryngotracheal separation. The medical records indicate that Jestine died twice during her emergent care, but was resuscitated. Jestine continues to require treatment and surgery as a result of her injuries and in all reasonable probability will require medical treatment, including additional surgeries, in the future.

## V.
## Strict Products Liability

13.     The Kawasaki Defendants designed, developed, tested, marketed, manufactured and sold the vehicle made the basis of this suit. The vehicle was defective both from design and a marketing standpoint. Because of the design of this particular ATV, it was prone to "plow" or understeer through turns. Kawasaki was aware of this defect yet did not take sufficient steps to incorporate a reasonable alternative design into this vehicle which would have made it more safe, nor did the manufacture provide sufficient warnings to apprise a reasonable user of this particular risk with respect to this vehicle.

14.     The vehicle is further defective in that it was designed with a seat which encouraged multi-passenger use. The vehicle's design was thus at odds with the manufacturer's warning that the operator should never ride with passenger(s). Defendant Kawasaki was not only aware that such misuse was foreseeable, it in fact encouraged misuse through the design of its seat and carriage. These design and marketing defects rendered the vehicle unreasonably dangerous and were a direct and proximate cause of the Plaintiff's injuries.

## VI.
## Damages

15.     As a direct result of the vehicle's defects, Plaintiff has been damaged. Plaintiffs seek compensation for their damages incurred in the form of reasonable and necessary medical expenses

in the past and in the future, pain and suffering in the past, as well as pain and suffering in the future, mental anguish in the past and future, disfigurement and impairment.

## VII.
## Jury Demand

16.    Plaintiffs hereby make a demand for Jury Trial.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to answer herein and according to law that this cause be set for trial before a jury and that Plaintiffs recover judgment against the Defendants for all of their damages in an amount in excess of the jurisdictional limits of this Court, together with cost of suit, pre and post judgment interest and all such and further relief to which the Plaintiffs may be entitled in law or in equity.

Respectfully submitted,

**CICHOWSKI & GONZALEZ, P.C.**
Travis Park Plaza
711 Navarro St., Suite 104
San Antonio, Texas 78205
Telephone: 210/298-6666
Facsimile: 210/298-6000

By: _____
STEVE CICHOWSKI
SBN: 00793507
FBN: 20750

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing document has been forwarded *Certified Mail/Return Receipt Requested*, on this the 26th day of September, 2006, to:

Jeffrey S. Hawkins
David G. Harris
PRICHARD HAWKINS McFARLAND
& YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216

                                                              STEVE CICHOWSKI